UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN F. ABRAMS,

                              Plaintiff,

              -vs-

                                             06-CV-0689-JTC

MICHAEL J. ASTRUE,[1] Commissioner of
Social Security,

                              Defendant.

---

　　　Plaintiff John Abrams initiated this action pursuant to Section 405(g) of the Social

Security Act, 42 U.S.C. § 405(g), to review the final determination of the Commissioner of

Social Security (the "Commissioner") denying plaintiff's application for Social Security

disability insurance ("SSDI") benefits.  The Commissioner has filed a motion for judgment

on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Item 5),

and plaintiff has filed a cross-motion for judgment on the pleadings (Item 7).  For the

following reasons, the Commissioner's motion is granted, and plaintiff's cross-motion is

denied.

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant
to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is therefore substituted for
former Commissioner Jo Anne B. Barnhart as the named defendant in this suit.

**BACKGROUND**

Plaintiff was born on July 26, 1961 (Tr. 21).[2]  He applied for SSDI benefits on April 26, 2004, alleging disability as of January 23, 2003 due to back injury (Tr. 17). Plaintiff's application was denied on July 8, 2004 (Tr. 17).  Plaintiff requested a hearing, which was held on June 14, 2005 before Administrative Law Judge ("ALJ") Douglas Abruzzo (*see* Tr. 282-98).  Plaintiff testified and was represented by counsel.

By decision dated November 15, 2005, ALJ Abruzzo found that plaintiff was disabled within the meaning of the Social Security Act for a closed period commencing on the alleged onset date of January 23, 2003 and ending on June 20, 2004, when his medical condition improved and he was cleared to go back to work (Tr. 17-27).  The ALJ awarded plaintiff SSDI benefits through August 2004 (the end of the second month following the month in which disability ceased), but denied plaintiff's request for a nine-month "trial work period" under the Social Security Regulations (20 C.F.R. § 404.1592), which would have provided benefits through March 2005 (Tr. 25-26).  The ALJ's decision became the Commissioner's final determination on August 31, 2006, when the Appeals Council denied plaintiff's request for review (Tr. 5).

Plaintiff filed this action on October 19, 2006 pursuant to the judicial review provision of 42 U.S.C. § 405(g).  The Commissioner moved for judgment on the pleadings (Item 6) on the ground that the ALJ's determination must be upheld because it is supported by substantial evidence in the record.  Plaintiff responded by filing a cross-motion for

---

[2]References preceded by "Tr." are to page numbers of the transcript of the administrative record, filed by defendant as part of the answer to the complaint.

judgment on the pleadings (Item 7), seeking a reversal of the denial of his request for a nine-month trial work period.

## DISCUSSION

### I.    Scope of Judicial Review

The Social Security Act states that upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-72 (2d Cir. 1999).  Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try a case *de novo* or substitute its findings for those of the Commissioner.  *Richardson*, 402 U.S. at 401.  The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Winkelsas v. Apfel*, 2000 WL 575513, at *2 (W.D.N.Y. February 14, 2000).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in light of correct legal standards."  *Klofta v. Mathews*, 418 F. Supp. 1139, 1141 (E.D.Wis. 1976), *quoted in Gartmann v. Secretary of Health and Human Services*, 633 F. Supp. 671, 680 (E.D.N.Y. 1986).  The Commissioner's determination cannot be upheld when it is based

on an erroneous view of the law that improperly disregards highly probative evidence. *Tejada*, 167 F.3d at 773.

In this case, the Commissioner contends that the ALJ's denial of plaintiff's request for a full nine-month trial work period is supported by substantial evidence in the record, and should be affirmed. Plaintiff contends that the Commissioner failed to properly assess the evidence provided by plaintiff's treating physician, and therefore failed to show that plaintiff was not entitled to benefits for the full nine-month trial work period because his condition had medically improved as of June 2004.

## II.    Trial Work Period

The Regulations define the term "trial work period" as:

> [A] period during which you may test your ability to work and still be considered disabled. . . . During this period, you may perform services . . . in as many as 9 months, but these months do not have to be consecutive. We will not consider those services as showing that your disability has ended until you have performed services in at least 9 months. However, after the trial work period has ended we will consider the work you did during the trial work period in determining whether your disability ended at any time after the trial work period.

20 C.F.R. § 404.1592(a); *see Reed v. Astrue*, 2008 WL 1902431, at *14 (W.D.N.Y. April 28, 2008). The trial work period begins with the month in which the claimant becomes entitled to benefits, and ends with the close of either the ninth month in which the claimant has performed services, or

> [t]he month in which new evidence, other than evidence relating to any work you did during the trial work period, shows that you are not disabled, even though you have not worked a full 9 months. We may find that your disability has ended at any time during the trial work period if the medical or other evidence shows that you are no longer disabled.

20 C.F.R. § 404.1592(e)(3).

-4-

In this case, the ALJ found that plaintiff's disability ceased as of June 21, 2004, the date on which the evidence showed that plaintiff's back condition had medically improved (See Tr. 22-25). The term "medical improvement" is defined in the Regulations as "any decrease in the medical severity of [a claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant] was disabled. . . ." 20 C.F.R. § 404.1594(b)(1). The Commissioner has the burden of persuasion to demonstrate medical improvement, in accordance with the eight-step sequential evaluation process set forth in the Regulations at 20 C.F.R. § 404.1594(f). *See Suriel v. Commissioner of Social Sec.*, 2006 WL 2516429, at *4 (E.D.N.Y. August 29, 2006) (citing cases);[3] *see also Lopez v. Barnhart*, 2006 WL 1272644, at *2, n. 2 (D.Conn. March 1, 2006).

In making his determination of medical improvement in this case, ALJ Abruzzo relied on the report of plaintiff's treating neurological surgeon Dr. Loubert S. Suddaby, dated June 1, 2004, which indicated that plaintiff was doing well following two lumbar microdiskectomy surgeries in February 2003 and February 2004, and was able to return

---

[3]The sequential process is summarized in the *Suriel* decision, as follows:

• Has claimant engaged in substantial gainful activity?
• If not, does claimant have an impairment or combination of impairments which qualifies as a per se disability under the Commissioner's listing of impairments in Appendix 1 of this subpart?
• If not, has claimant experienced medical improvement?
• If so, does claimant's medical improvement relate to his ability to do work?
• If so, are claimant's current impairments in combination nevertheless severe?
• If so, considering claimant's residual functional capacity based on all his current impairments, can he still do past work?
• If not, then considering his residual functional capacity, age, education and past relevant work experience, can claimant do other work?

*Suriel*, 2006 WL 2516429, at *4 (citing 20 C.F.R. § 404.1594(f)).

to his regular work duties without restrictions as of June 21, 2004 (*see* Tr. 269).  The ALJ also referred to a written statement dated May 23, 2005, in which Dr. Suddaby indicated that he had authorized plaintiff's return to work in June 2004 without restrictions "reluctantly" and "[a]t [plaintiff's] insistence" (Tr. 279).  Dr. Suddaby further stated that plaintiff's return to work "was clearly on a trial basis and one could not at that time have stated with any degree of medical certainty whether his return to police work, or any other work would have been successful" (*id.*).  Noting these reservations, and referencing the general requirements of the Social Security Regulations and Rulings governing consideration of the opinions of a claimant's treating physicians, ALJ Abruzzo "afforded some weight" to Dr. Suddaby's overall opinion regarding plaintiff's medical improvement, but declined to give it "controlling weight" (Tr.  23).

Plaintiff contends that Dr. Suddaby's later "clarification" of his previous report constitutes conflicting proof as to whether plaintiff was, in fact, able to return to work without restrictions in June 2004, and that the Commissioner therefore did not meet his burden of proving that plaintiff's condition had medically improved to the extent he could resume substantial gainful employment.  This contention must be rejected.  The court's review of the record as a whole establishes that ALJ Abruzzo properly assessed the weight to be given to both Dr. Suddaby's contemporaneous report and his later comments, and found nothing in the objective medical evidence to indicate that plaintiff was unable to return to work without restrictions as of June 2004.  As discussed by the ALJ, plaintiff was discharged from physical therapy on June 14, 2004, after he stopped attending (Tr. 23, 277-78).  He had made excellent progress and had met his established post-operative

goals (*id.*).  Dr. Suddaby noted only mild restriction in range of motion of plaintiff's lumbar spine, with no additional exertional limitations (Tr. 269).

In addition, plaintiff's employment records support the ALJ's determination that plaintiff had indeed been able to successfully perform his duties as a police officer at a sustained level of substantial gainful activity from his return to work in June 2004 through the date of the ALJ's decision in November 2005 (*see* Tr. 87-91).  Significantly, there is no evidence in the record to support the finding, urged by plaintiff, that medical improvement did not take place until March 2005 or thereafter.

Based on this review of the record as a whole, the court finds substantial evidence to support the ALJ's decision that plaintiff is not entitled to a full nine-month trial work period.  Accordingly, the Commissioner's final determination must be affirmed.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Item 5) is granted, and plaintiff's cross-motion for judgment on the pleadings (Item 7) is denied.

The Clerk of the Court is directed to enter judgment in favor of defendant, and to close the case.

So ordered.

\s\ John T. Curtin
_____
JOHN T. CURTIN
United States District Judge

Dated:  September    11   , 2008
p:\opinions\06-689.sep1008